Matter of City of New York v Eisner (2025 NY Slip Op 06129)

Matter of City of New York v Eisner

2025 NY Slip Op 06129

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 453180/23|Appeal No. 5118|Case No. 2024-03243|

[*1]In the Matter of the City of New York, Petitioner-Respondent,
v
Chana Eisner, et al., Respondents-Appellants, TD Bank, N.A. Respondent.

Paul Batista, P.C., New York (Paul Batista of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Chase Henry Mechanick of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about March 25, 2024, which granted City of New York's petition for an order directing respondent TD Bank, N.A. to turn over to it $59,749.17 held in a joint account owned by respondents Chana Eisner and "Jada" Nadel, in partial satisfaction of several judgments awarded to the City against respondent Chana Eisner, unanimously modified, on the law, to the extent of amending the caption to substitute Jana Nadel in place of respondent "Jada" Nadel, and otherwise affirmed, without costs.
The City satisfied both prongs of the analysis required under CPLR 5225(b) by demonstrating that Eisner had an interest in the TD Bank account and that the City had enforceable judgments against Eisner (see Matter of New York Community Bank v Bank of Am., N.A., 169 AD3d 35, 37-38 [1st Dept 2019], lv denied 33 NY3d 908 [2019]).
The caption should be amended to reflect respondent Nadel's first name as "Jana," since Eisner neither opposes the request nor raises any arguments regarding potential prejudice to herself or Nadel if the request is granted (see CPLR 2001; see also Cupka v Remik Holdings LLC, 202 AD3d 473, 475 [1st Dept 2022]).
We have reviewed Eisner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025